FILED
United States Court of Appeals
Tenth Circuit

December 26, 2018

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

YOURAS ZIANKOVICH,

    Plaintiff - Appellant,

v.

BRYON M. LARGE; JESSICA E.
YATES,

    Defendants - Appellees.

No. 18-1016
(D.C. No. 1:17-CV-02039-CMA-NYW)
(D. Colo.)

_____

## ORDER AND JUDGMENT*
_____

Before **HOLMES**, **O'BRIEN**, and **CARSON**, Circuit Judges.
_____

Plaintiff Youras Ziankovich, an attorney licensed to practice in the State of New York who is representing himself in this matter, appeals the district court's order dismissing his case without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). We vacate the order of dismissal and remand to the district court for consideration of Plaintiff's claim for declaratory judgment.

---

* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

As noted, Plaintiff is licensed to practice law in the State of New York. He has legal offices in New York, Colorado, and Belarus. He has not been admitted to practice in Colorado, but he practices immigration law before the U.S. District Court for the District of Colorado, the Executive Office of Immigration Review, and the Department of Homeland Security.

Defendant Jessica E. Yates is Colorado's Attorney Regulation Counsel.[1] Her responsibilities include supervising the Office of Attorney Regulation Counsel (OARC). Defendant Bryon M. Large is an OARC attorney. The OARC's functions include investigating and disciplining attorneys for violating Colorado's rules of professional conduct. *See* C.R.C.P. 251.3(c)(3)-(c)(4), 251.10.

OARC filed an attorney discipline action against Plaintiff alleging he violated Colorado's rules of professional conduct. Plaintiff moved to dismiss the disciplinary action, which was denied, as was his interlocutory appeal to the Colorado Supreme Court.

Plaintiff filed the underlying federal suit seeking a declaratory judgment that the defendants do not have jurisdiction to maintain an attorney disciplinary action against him because he has never been licensed to practice law in Colorado and does not practice law in Colorado state courts or agencies. Rather, he claims that he practices only in federal courts and agencies. His amended complaint invokes federal

---

[1] On July 9, 2018, Ms. Yates was substituted for the original Defendant James C. Coyle under Federal Rule of Appellate Procedure 43(c)(2).

jurisdiction under 28 U.S.C. § 1331 (federal-question jurisdiction), 42 U.S.C. § 1983 (civil-rights violations), the Commerce Clause, and the First, Fifth, and Fourteenth Amendments.

The defendants moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) & (6). The district court held that *Younger* abstention was mandatory and dismissed the matter without prejudice. Plaintiff then filed a motion to reconsider, which the district court denied.

While this appeal was pending, the Colorado Supreme Court concluded the disciplinary action by suspending Plaintiff "from representing clients in Colorado for one year and one day, with three months to be served and the remainder to be stayed upon the successful conclusion of a two-year period of probation, including the requirement that he submit to practice and trust account monitoring." *People v. Ziankovich*, No. 17PDJ037, 2018 WL 6061422, at *16 (Colo. O.P.D.J. June 20, 2018).

## II. DISCUSSION

Federal courts must abstain under *Younger* when three conditions are met: (1) "[t]here is an ongoing state proceeding," (2) "[t]he state court provides an adequate forum for the claims raised in the federal complaint," and (3) "[t]he state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'" *Columbian Fin. Corp. v. Stork*, 811 F.3d 390, 394–95 (10th Cir. 2016) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)).

3

Notably, we have not yet decided whether termination of a state proceeding—a circumstance that most readily impacts the first *Younger* prong—renders the *Younger* issue moot. *See id.* at 395 (declining to decide the issue); *id.* at 395 n.3 (collecting cases holding that a state proceeding remains ongoing for *Younger* purposes so long as it was "pending when the federal suit was filed"); *id.* at 395 n.4 (collecting cases treating the *Younger* issue as moot). But "[r]egardless of whether the *Younger* issue is moot," *id.* at 395, the Colorado Supreme Court's ruling means that Plaintiff can now bring his claim for a declaratory judgment that the defendants did not have jurisdiction to maintain an attorney disciplinary action against him.

Consider our options. On the one hand, "if we were to reverse the dismissal," Plaintiff could (obviously enough) renew his already-filed claim before the district court. *Id.* On the other hand, "if we were to affirm the dismissal," Plaintiff could immediately refile in any event "because the dismissal was without prejudice." *Id.* "In these circumstances, we vacate dismissal . . . and remand these claims to the district court so that it can reconsider them without the need to abstain now that the state proceedings have ended." *Id.* In so doing, we stress that we express no opinion on the merits of Plaintiff's claim.

### III. CONCLUSION

Plaintiff's disciplinary proceedings have ended, and the district court thus no longer has a need to abstain under *Younger*. *See id.* We therefore vacate the district

4

court's dismissal of Plaintiff's claim for a declaratory judgment and remand to the district court so that it may consider Plaintiff's claim anew.

Entered for the Court


Joel M. Carson III
Circuit Judge